### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **DAVID ROAN,** | ) | |
| | ) | **Case no. 12-cv-00910-NAB** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CHRYSLER GROUP LLC,** | ) | |
| **and SEDGWICK CLAIMS** | ) | |
| **MANAGEMENT SERVICES, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants CHRYSLER GROUP LLC and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., by and through their attorneys VERCRUYSSE MURRAY & CALZONE, P.C. AND REEG LAWYERS, LLC, for their Answer and Affirmative and Other Defenses to Plaintiff's First Amended Complaint, state as follows:

### Parties, Jurisdiction and Venue

1.      Plaintiff David Roan is an individual who resides in Barnhart, Missouri, within the geographic jurisdiction of this Court.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the First Amended Complaint and therefore deny the same.

2.      Material events underlying Plaintiff's claims occurred within the jurisdiction of this Court.

**ANSWER:**

1

Defendants admit that Plaintiff alleges that his claim arises out of events that allegedly occurred within the jurisdiction of this Court, but deny any liability to Plaintiff and deny the remaining allegations contained in Paragraph 2 of the First Amended Complaint.

3.      During all times relevant to this matter, Plaintiff was an employee and/or retiree of Chrysler Group, LLC, working last as an area supervisor and manager at Defendant Chrysler Group's Fenton, Missouri facility, within the jurisdiction of this Court.

**ANSWER:**

Defendants admit that Plaintiff worked as a Unit Leader at DaimlerChrysler Corporation's St. Louis Assembly Plant North and that the St. Louis Assembly Plant North was within the jurisdiction of this Court.  Defendants deny the remaining allegations contained in Paragraph 3 of the First Amended Complaint.

4.      Defendant Chrysler Group, LLC is, within the meaning of 29 U.S.C. Section 1002(16)(A), the "Plan Sponsor" within the meaning of 29 U.S.C. Section 1002(16)(B) and "fiduciaries" within the meaning of 29 U.S.C. Section 1002(14)(A) of the Chrysler LLC Long Term Disability Plan.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 4 of the First Amended Complaint.

5.      Defendant Sedgwick Claims Management Services, Inc., an Illinois Corporation registered to do business in the State of Missouri, is the Administrator of the Chrysler LLC Long Term Disability Plan, under which Plaintiff was covered for long- term disability benefits as an employee of Chrysler Group, LLC.  As such, Defendant Sedgwick is a "Plan Administrator" within the meaning of 29 U.S.C. Section  1002(16)(A).

**ANSWER:**

Defendants admit that Sedgwick Claims Management Services, Inc. is an Illinois Corporation registered to do business in the State of Missouri.  Defendants deny the remaining allegations contained in Paragraph 5 of the First Amended Complaint.

6.      As an employee of Chrysler Group, LLC, Plaintiff was eligible for coverage under the long-term disability benefits.  As such, Plaintiff is a "Participant" in the Chrysler LLC Long Term Disability Plan within the meaning of 29 U.S.C. Section 1002(7).

**ANSWER:**

Defendants admit that Plaintiff was a participant in the Chrysler LLC Long Term Disability Benefit Plan ("Plan").  Defendants deny the remaining allegations contained in Paragraph 6 of the First Amended Complaint.

7.      The Chrysler LLC Long Term Disability Plan is a "employee welfare benefit plan" under 29 U.S.C. Section 1002(1)(A) in that it is a program established or maintained for the purpose of providing for its participants, including Plaintiff, disability benefits.

**ANSWER:**

Defendants admit that the Plan was an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002 and that Plaintiff received benefits under the terms of the Plan.[1]  Defendants deny that Paragraph 7 of the First Amended Complaint accurately defines "employee welfare benefit

---

[1] On April 30, 2009, Chrysler LLC filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code, 11 U.S.C. §§ 101, et. seq., as amended, in the United States Bankruptcy Court for the Southern District of New York.  In connection therewith, Chrysler LLC entered into an agreement to sell substantially all of its assets to New CarCo Acquisition LLC.  The sale to New CarCo Acquisition LLC closed on June 10, 2009, and New CarCo Acquisition LLC thereafter changed its name to Chrysler Group LLC.   The Plan name thereafter changed to the Chrysler Group LLC Long Term Disability Benefit Plan.

plan" and deny the remaining allegations contained in Paragraph 7 of the First Amended Complaint.

8.      Plaintiff brings this Complaint pursuant to 29 U.S.C. Section 1132(a)(1)(B) against the Defendants as the Plan Administrator and Plan Sponsor to recover benefits due to him under the Chrysler Long Term Disability Plan, to enforce his rights under the terms of the Chrysler Long Term Disability Plan, and/or to clarify his rights to future benefits under the terms of the Chrysler Long Term Disability Plan.

**ANSWER:**

Defendants admit that Plaintiff asserts a claim under 29 U.S.C. § 1132(a)(1)(B) to recover benefits under the terms of the Plan, to enforce his rights under the terms of the Plan and to clarify his right to future benefits under the terms of the Plan, but deny any liability to Plaintiff and deny the remaining allegations contained in Paragraph 8 of the First Amended Complaint.

9.      This Court has subject matter jurisdiction under 28 U.S.C. Section 1331 and 29 U.S.C. Section 1132(e)(1).

**ANSWER:**

Defendants admit the allegations contained in Paragraph 9 of the First Amended Complaint.

10.      Venue is proper in this Court under 28 U.S.C. Section 1391(b) and 29 U.S.C. Section 1132(e) and (f) because the Defendants can be found within this judicial district and the conduct complained of occurred in this judicial district.

**ANSWER:**

Defendants admit that venue is proper in this Court under 29 U.S.C. § 1132(e) and (f). Defendants deny the remaining allegations contained in Paragraph 10 of the First Amended Complaint.

### Factual Allegations

11.     Under the Chrysler LLC Long Term Disability Plan, an employee was entitled to long term disability benefits, along with eligibility for health insurance benefits, if and when he or she becomes totally disabled and he or she must be absent from work.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 11 of the First Amended Complaint.

12.     Because of previous physical and emotional illness, Plaintiff was forced to seek benefits under the Chrysler LLC Long Term Disability Plan, and Defendants previously approved Plaintiff's application for same.  Plaintiff was originally approved to receive benefits at least until the year 2030, as long as he met the Plan's definition of "disability."

**ANSWER:**

Defendants admit that Plaintiff was eligible to receive benefits under the terms of the Plan, but became ineligible to receive benefits under the terms of the Plan at the end of the month in which he attained age 65.  Defendants deny the remaining allegations contained in Paragraph 12 of the First Amended Complaint.

13.     On or about May 18, 2009, Defendants, by letter from the Chrysler LLC Long Term Disability Plan, as administered by Defendant Sedgwick, notified Plaintiff that his claim for long-term disability benefits would terminate at the end of the month in June 2009, because he would attain the age of sixty-five (65) on June 27, 2009.

**ANSWER:**

Defendants admit that by letter dated May 1, 2009 from Sedgwick CMS to Plaintiff they informed him that he was not eligible for benefits under the terms of the Plan beyond the end of the month in which he attained age 65 and that based on information in his claim Plaintiff would attain age 65 on June 27, 2009.  Defendants deny the remaining allegations contained in Paragraph 13 of the First Amended Complaint.

14.     Plaintiff appealed Defendants' termination of benefits under the Chrysler LLC Long Term Disability Plan.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 14 of the First Amended Complaint.

15.     By letter dated June 3, 2009, Defendants determined to uphold the termination of benefits.

**ANSWER:**

Defendants admit that by letter dated June 3, 2009, Chrysler LLC denied Plaintiff's claim for benefits under the terms of the Plan after June 30, 2009.  Defendants deny the remaining allegations contained in Paragraph 15 of the First Amended Complaint.

16.     Plaintiff has periodically provided Defendants medical verifications of his medical condition.  Such medical verifications have not indicated that Plaintiff's condition has improved since Plaintiff was granted benefits, have not indicated that Plaintiff's condition has improved sufficiently to render him no longer disabled, and have not indicated that Plaintiff is expected to improve sufficiently in the future to render him no longer disabled.

**ANSWER:**

Defendants admit that Plaintiff provided certificates of continuous disability forms to Defendant Sedgwick.  Defendants deny that Plaintiff's medical condition is relevant to the claim he asserts in this case and deny the remaining allegations contained in Paragraph 16 of the First Amended Complaint.

17.     To the extent that Defendants' decision to discontinue payment of long-term disability benefits to Plaintiff were based upon a possible determination that Plaintiff was no longer medically disabled, such decision was based upon its development of a false and inaccurate record including, but not necessarily limited to, the following:

a.     Failing as a decision maker to properly investigate Plaintiff's condition and/or failing to investigate his condition in good faith;

b.     "Cherry-picking" information, ignoring co-morbidities and information favorable to Plaintiff's claim for benefits;

c.     Misinterpreting (apparently intentionally) information and materials in ways that Defendants did not do when determining Plaintiff's earlier eligibility for benefits;

d.     Re-interpreting the same information and evidence previously relied upon by Defendants in determining Plaintiff to be disabled;

e.     Failing to give proper weight and meaning to neuropathies, credible complaints of pain objectively diagnosed, discomfort, lack of sleep and effects of deep scar tissue;

f.     Failing to recognize that the normal, understood and rational view of ability to work includes the ability to work for eight (8) hours per day and five (5) days per week over a sustained period of time in a

7

competitive work environment, and thereby changing the meaning
and terms of disability qualification, imposing more onerous terms
than contained in the Chrysler LLC Long Term Disability Plan, and
making the promises in the Plan illusory;

g.      Ignoring physiological and psychological limitations reported by
Plaintiff which are supported and corroborated by medical findings
and opinions.

h.      Hiding pertinent terms of the Chrysler LLC Long Term Disability
Plan in remote and/or illogical places so that such terms would not
be susceptible of easy discovery and thereby policy holders would be
deceived and their reasonable expectations would be unfulfilled
and/or frustrated;

i.      Failing to consider and/or properly evaluate the treatment taken by
Plaintiff and/or the effects of such medicines on him;

j.      Failing to consider properly Plaintiff's statements provided in his
appeals without expressing any reason whatsoever to discredit
Plaintiff;

k.      Relying on hearsay reports;

l.      Failing to test and/or examine the reliability, fullness and accuracy of
the reports solicited by Defendants administering the Plan;

m.      Failing to determine the scientific reliability of the methods used for
the reports of those persons, if any;

n.      Failing to restrict itself to the provisions of the Plan for the

8

determination of Plaintiff's medical condition and any improvement

therein;

o.    The decision to terminate and/or deny long-term benefits was

arbitrary and capricious; and

p.    The removal of Plaintiff's health insurance benefits was arbitrary

and capricious.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 17 (a) – (p) of the First Amended

Complaint.

18.    To the extent that Defendants' decision to terminate Plaintiff's long-term

disability benefits was merely based upon his attaining the age of sixty-five (65) years,

such decision was arbitrary and capricious, contrary to the terms of the Plan and violative

of the promise to Plaintiff that he would receive such benefits until the year 2030, as long

as his conditions met the definition of "disability."

**ANSWER:**

Defendants deny the allegations contained in Paragraph 18 of the First Amended

Complaint.

19.    Defendants further failed to provide Plaintiff with opportunity for a full and fair

administrative review as required by 29 U.S.C. Section 1133 and the regulations issued by the

Secretary of Labor thereunder, 29 C.F.R. Section 2560.503-1, before reaching the final decision

on the denial of Plaintiff's appeal, made such final determination without permitting Plaintiff to

know information being considered by in his administrative claim, and made such final decision

without providing Plaintiff opportunity to comment on the information considered in his claim.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 19 of the First Amended Complaint.

20.     Plaintiff has fully exhausted all administrative procedures including appeals, and Defendants have refused to allow Plaintiff to submit any further information and/or pursue any further appeals.

**ANSWER:**

Defendants admit that Plaintiff has exhausted his appeals under the terms of the Plan. Defendants deny the remaining allegations contained in Paragraph 20 of the First Amended Complaint.

21.     Defendants have violated the terms of the Chrysler LLC Long Term Disability Plan by failing and refusing to provide Plaintiff long-term disability benefits after June 2009 and causing the cancellation of his health insurance benefit, as it relates to this Plan.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 21 of the First Amended Complaint.

22.     As a direct result of Defendants' actions, as aforesaid, Plaintiff has suffered, and will continue to suffer, monetary damages in an amount no less than Twenty-Five Thousand Dollars ($25,000.00), in the form of lost long-term disability and medical expenses incurred that should have been covered by the health insurance benefit under the Chrysler Long Term Disability Plan.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 22 of the First Amended Complaint.

23.     Monetary damages are insufficient and there exists no adequate remedy at law.

**ANSWER:**

Defendants deny the allegation contained in Paragraph 23 of the First Amended Complaint.

26[sic].     Plaintiff demands his right to trial by jury.

**ANSWER:**

Defendants deny that Plaintiff has a right to trial by jury.

WHEREFORE, Plaintiff prays the Court to enter its judgment, order and decree awarding her:

A.     The aggregate of the monthly amount of disability benefits owed him since June 2009, along with the costs of all medical treatment incurred;

B.     Reimbursement for all costs of medical treatment for all periods during which Plaintiff was entitled to health insurance benefits under and related to the Chrysler LLC Long Term Disability Plan;

C.     Removing Defendants and any of their related and/or affiliated companies from making any further decisions with respect to Plaintiff's qualifications for benefits, and appointing an independent fiduciary for such determinations at Defendants' sole cost and expense and/or permanently enjoining Defendants from taking any adverse action to diminish, decrease or terminate future disability benefits without first seeking a judicial determination based on proper medical evidence;

11

D.     Pre-judgment interest in the maximum amount allowable under law for each disability benefit payment not paid calculated from the time each payment was due;

E.     All costs and expensed incurred in pursuing this action, including reasonable attorney's fees; and

F.     All other and further relief which this Court deems just and proper under the circumstances.

**ANSWER:**

Defendants deny that Plaintiff is eligible for or can recover the relief he seeks in his prayer for relief.

WHEREFORE, Defendants ask that Plaintiff's First Amended Complaint be dismissed and that Defendants be awarded their costs and attorney fees incurred in defending this action.

## AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted and Defendants are entitled to judgment as a matter of law.

2.     Plaintiff's First Amended Complaint fails to set forth sufficient factual matter that if accepted as true would state a claim to relief that is plausible.

3.     Defendants' decisions regarding Plaintiff's claim for benefits and appeal in this matter were neither arbitrary nor capricious.

4.     Some of the relief Plaintiff seeks is not available under ERISA.

5.     A trial by jury is not available to Plaintiff.

6.     Defendant Sedgwick is not a proper party to this action.

7.     Defendants reserve the right to identify additional affirmative defenses as they become known through the course of this litigation.

WHEREFORE, Defendants ask that Plaintiff's First Amended Complaint be dismissed and that Defendants be awarded their costs and attorney fees incurred in defending this action.

Respectfully submitted,

REEG LAWYERS, LLC

By: _/s/ Kurtis B. Reeg_____
Kurtis B. Reeg, USDC #27684MO
Carl Kessinger, USDC #38504MO
1 North Brentwood Blvd., Suite 950
St. Louis, Missouri  63105
Telephone:  (314) 446-3350
Facsimile:   (314) 446-3360
kreeg@reeglawyers.com
CKessinger@reeglawyers.com

*Attorney for Defendants Chrysler, LLC and*
*Sedgwick Claims Management Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 18, 2013, this document was electronically filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

_____/s/ Kurtis B. Reeg_____
*Attorney for Defendants Chrysler, LLC and*
*Sedgwick Claims Management Services, Inc.*

13