**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID ROAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12-CV-910-JAR |
| | ) |
| CHRYSLER GROUP LLC, and | ) |
| SEDGWICK CLAIMS MANAGEMENT | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment filed June

27, 2013. (Doc. No. 28) Plaintiff has not responded to the motion.[1] The Court will therefore rule

on the unopposed motion.

**I.     Background**

Plaintiff's First Amended Complaint asserts ERISA claims against the Chrysler Group LLC

("Chrysler") and Sedgwick Claim Management Services ("Sedgwick") under 29 U.S.C. §

1132(a)(1)(B) to recover benefits allegedly due him under the Chrysler Group LLC Long Term

Disability Benefits Plan ("LTD" Plan). (First Amended Complaint ("FAC"), Doc. No. 5, ¶ 8)

Plaintiff alleges the LTD Plan violated the Employee Retirement Income Security Act ("ERISA") by

terminating his benefits after he reached the age of 65. (Id., ¶ 18) In addition, Plaintiff claims he was

originally approved to receive benefits at least until the year 2030, as long as he met the LTD Plan's

---

[1] On August 20, 2013, the Court granted Plaintiff until August 27, 2013 to respond to
Defendants' Motion for Summary Judgment. (Doc. No. 29)

definition of "disability." (Id., ¶ 12, 18) Plaintiff further alleges Defendants failed to provide him

with an opportunity for a full and fair administrative review as required by 29 U.S.C. § 1133 before

reaching their final decision denying his appeal. (Id., ¶ 19)

Defendants move for summary judgment based on the terms of the LTD Plan which clearly

state that eligibility for LTD benefits terminates at the end of the month in which a participant

reaches age 65. (Doc. No. 28, pp. 11-12)

As a result of Plaintiff's failure to respond to Defendants' motion, Plaintiff has not met

the requirements of E.D.Mo. L.R. 7-4.01(E)[2], and is deemed to have admitted all facts in

Defendant's statement of uncontroverted facts. Turner v. Shinseki, 2010 WL 2555114, at *2

(E.D.Mo. June 22, 2010) (citing Deichmann v. Boeing Co., 36 F.Supp.2d 1166, 1168

(E.D.Mo.1999), aff'd, 232 F.3d 907 (8th Cir.2000), cert. denied, 531 U.S. 877). However,

Plaintiff's failure to properly respond to the motion for summary judgment does not mean that

summary judgment should be automatically granted in favor of Defendants. Even if a motion for

summary judgment is unopposed, the district court must still determine that the moving party is

entitled to judgment as a matter of law. McCray v. Laclede Gas Co., 2012 WL 5047129, at *2

(E.D.Mo. Oct. 18, 2012) (citing Interstate Power Co. v. Kansas City Power & Light Co., 992

F.2d 804, 807 (8th Cir.1993).

The following facts are undisputed:

---

[2] Local Rule 4.01(E) provides that "[a] memorandum in support of a motion for summary
judgment shall have attached a statement of uncontroverted material facts, set forth in a
separately numbered paragraph for each fact, indicating whether each fact is established by the
record, and, if so, the appropriate citations. Every memorandum in opposition shall include a
statement of material facts as to which the party contends a genuine issue exists. Those matters
in dispute shall be set forth with specific references to portions of the record, where available,
upon which the opposing party relies. The opposing party also shall note for all disputed facts the
paragraph number from movant's listing of facts. All matters set forth in the statement of the
movant shall be deemed admitted for purposes of summary judgment unless specifically
controverted by the opposing party."

Chrysler Group LLC is the Administrator of the Chrysler Group LLC Long Term Disability Benefits Plan. (A.R., pp. 3-23)[3]

The Chrysler Group LLC Long Term Disability Benefits Plan provides the Administrator "full and absolute discretion and authority to take all measures deemed necessary, appropriate or useful to administer the Plan in accordance with its terms and applicable law, including but not limited to the power to determine eligibility, to determine the amount, manner and time of payment of any benefits, to construe and interpret this Plan." (A.R., pp. 13-14)

The Chrysler Group LLC Long Term Disability Benefits Plan provides that "a participant will not be eligible to participate in this Plan upon the earliest to occur of the following, and if an Employee is participating in the Plan on the date of the following event, then the Employee will not be eligible to receive LTD benefits for any period of time following such date: . . . (j) the end of the month in which the Participant attains age 65." (A.R., p. 9)

Plaintiff attained age 65 on June 27, 2009.

Plaintiff's benefits from the Chrysler Group LLC Long Term Disability Benefits Plan ceased the month after he attained age 65.

## II.   <u>Legal Standard</u>

Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  The initial burden is placed on the moving party.  <u>City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.</u>, 838 F.2d 268, 273 (8th Cir. 1988).   If the record demonstrates that no genuine issue of fact is in dispute, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute on

---

[3] Defendants filed the Administrative Record with the Court on April 1, 2013. ("AR", Doc. No. 22, with attachments 1-7) On April 17, 2013, Plaintiff filed a Memorandum with the Court advising that he would not be filing a motion to supplement the Administrative Record filed by Defendants. (Doc. No. 25)

that issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In determining whether summary judgment is appropriate in a particular case, the evidence must be viewed in the light most favorable to the nonmoving party. Osborn v. E.F. Hutton & Co., Inc., 853 F.2d 616, 619 (8th Cir. 1988).

**III.   Discussion**

        "Under ERISA, the standard of review of a denial of benefits claim turns on whether the benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Wade v. Aetna Life Insurance Co., 2011 WL 4369423, at *13 (E.D. Mo. Sept. 19, 2011), *aff'd*, 684 F.3d 1360 (8th Cir. 2012) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). Where the plan administrator has such discretionary authority, judicial review is limited to an abuse of discretion standard. Id.[4] Because the LTD Plan at issue explicitly grants the administrator discretion to determine eligibility for benefits and to interpret the plan's terms (see A.R., pp. 13-14), the Court applies a deferential abuse of discretion standard of review.

        "In reviewing for an abuse of discretion, the administrator's decision should be reversed 'only if it is arbitrary and capricious.' " Green v. Union Sec. Ins. Co., 646 F.3d 1042, 1050 (8th Cir. 2011) (internal quotation omitted). "The administrator's decision should be affirmed if it is reasonable, meaning it is supported by substantial evidence." Id. (quoting Groves v. Metro. Life Ins. Co., 438 F.3d 872, 875 (8th Cir.2006)). Substantial evidence is "more than a scintilla but less than a preponderance." Id. (quoting Midgett v. Washington Group Intern. Long Term Disability Plan, 561 F.3d 887, 897 (8th Cir. 2009)). Ultimately, "[t]he requirement that the plan

---

[4] The Eighth Circuit has found that the abuse of discretion standard and the arbitrary and capricious standard are synonymous and can be used interchangeably. Jackson v. Prudential Ins. Co. of America, 530 F.3d 696, 701 n.6 (8th Cir. 2008).

administrator's decision be reasonable should be read to mean that a decision is reasonable if a reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision." Green, 646 F.3d at 1050 (quoted case and internal quotation marks omitted). Under the deferential standard of review applicable in this case, the Court finds and concludes that substantial evidence in the record supports Chrysler's termination of Plaintiff's LTD benefits.

The record shows that Plaintiff's last day worked was September 12, 1998. (A.R., Doc. No. 22, p. 1) He began receiving benefits from Chrysler's Disability Absence Plan ("DAP") effective September 14, 1998. (A.R., Doc. No. 22-7, pp. 399-400)

By letter dated July 21, 1999, Chrysler's service provider at the time, CIGNA, notified Plaintiff that his DAP benefits would terminate on September 17, 1999. (Id.) The letter further informed Plaintiff that upon the termination of DAP benefits, he "may be eligible for Long Term Disability (LTD) benefits. If you meet the eligibility requirements, LTD benefits are paid as follows: You will be provided with the maximum benefit of 55% of your base monthly salary (less any Social Security, Pension, or Worker's Compensation benefit to which you are or may become eligible for) **until the end of the month in which you reach age 65**." (Id.) (Emphasis added).

By letter dated October 1, 1999, CIGNA informed Plaintiff that his application for LTD Benefits was approved effective October 23, 1999. (A.R., Doc. No. 22-7, p. 389) The letter explained that Plaintiff had 382 Credited Service Months (CSM) and that his LTD benefit was based on this CSM number. (Id.) The letter further explained that the LTD benefit would be reduced by Plaintiff's eligibility for Social Security, Pension and Worker's Compensation Benefits. (Id.)

Meanwhile, Plaintiff applied for and was granted Social Security disability benefits effective March 1, 1999. (A.R., Doc. No. 22-2, pp. 131-35; 22-7, p. 369-372) Likewise, in October 2001, Plaintiff applied for a Permanent Total Disability ("PTD") Pension from the DaimlerChrysler Corporation Pension Plan.[5] (A.R., Doc. No. 22-2, pp. 118-122) Plaintiff was granted PTD Pension benefits effective November 1, 2001. (A.R., Doc. No. 22-2, p. 118)

Plaintiff's LTD benefits were accordingly reduced by the amount of his Social Security Disability Benefits and PTD Pension Benefits. (A.R., Doc. No. 22-2, p. 136; 22-6, pp. 268-282; Doc. No. 22-7, p. 321)

By letter dated May 1, 2009, Sedgwick, a service provider for the LTD Plan, notified Plaintiff that his LTD Benefits would terminate at the end of the month in which he turns age 65. (A.R., Doc. No. 22-5, p. 217) Specifically, the letter informed Plaintiff:

> Long Term Disability Benefits are payable for a period of time equal to the number of months of your seniority with the Chrysler Company, less the time that you are entitled to Disability Absence Plan Benefits, but not beyond the end of the month in which you attain age 65, or the last day you are totally disabled.
>
> Based upon the information in your claim, you will attain age 65 on June 27, 2009. Your Long Term Disability Benefits are scheduled to be paid through the end of the month in which you turn age 65.

The letter further informed Plaintiff of his right to appeal the termination of his LTD Benefits and explained the appeal process. (Id.) It is undisputed that Plaintiff attained age 65 on June 27, 2009 and that his LTD Benefits were terminated after June 2009.

In support of their Motion, Defendants argue there was no abuse of discretion in the termination of Plaintiff's LTD benefits because the LTD Plan expressly states that employees are

---

[5] The DaimlerChrysler Pension Plan was renamed Chrysler LLC Pension Plan and thereafter renamed Chrysler Group LLC Pension Plan ("CPP"). One of the benefits provided by the CPP is a Permanent Total Disability ("PTD") Pension Benefit. Eligibility for a PTD Pension is different from and unrelated to eligibility for LTD Benefits. PTD Pension Benefits are not at issue in this case. Plaintiff's sole claim is based on eligibility for LTD Benefits. (Doc. No. 28, p. 2 n.1)

not eligible to receive LTD benefits for any period of time following the end of the month in which the employee attains age 65:

> 4.03 **Ineligibility.** A participant will not be eligible to participate in this Plan upon the earliest to occur of the following, and if an Employee is participating in the Plan on the date of the following event, then the Employee will not be eligible to receive LTD benefits for any period of time following such date: . . .
>
> (j) **the end of the month in which the Participant attains age 65 . . .**

(A.R., Doc. No. 22, pp. 8-9) The provisions of the Plan regarding Participants who become disabled at or after age 63 are inapplicable to Plaintiff because he became disabled under the terms of the LTD Plan before attaining age 63.

Likewise, the LTD Plan Summary Plan Description provides that "the maximum period during which you are eligible for LTD benefits is: The number of months commencing with the month in which you have exhausted your DAP or Special DAP benefits and terminating with the end of the month in which you attain age 65. . . . In any event, LTD benefits will not be paid beyond: The end of the month in which you attain age 65." (Id., p. 46)

In sum, the Court finds and concludes that Chrysler acted within the written terms of the LTD Plan in terminating Plaintiff's LTD benefits. As set forth above, the Plan clearly states that LTD Benefits will terminate with the end of the month in which a participant attains age 65. It is undisputed that Plaintiff attained age 65 in June 2009. Thus, Plaintiff was no longer eligible to receive LTD benefits for any period of time following the end of the month of June 2009. Moreover, there is no evidence in the record to support Plaintiff's claim that he was approved to receive LTD benefits at least until the year 2030 so long as he met the Plan's definition of disability. (See A.R., Doc. No. 22-6, p. 302) The Court finds Chrysler appropriately and reasonably terminated Plaintiff's LTD Benefits.

The record further establishes that Plaintiff was not denied a full and fair administrative review of his claim. An employee benefit plan governed by ERISA must "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133. Full and fair review includes the right to review all documents, records, and other information relevant to the claimant's claim for benefits, as well as the right to an appeal that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim. Toppins v. The Hartford Life and Acc. Ins. Co., 657 F.Supp.2d 1107, 1110 (W.D. Mo. 2009) (citing 29 C.F.R. § 2560.503-1(h)).

Plaintiff appealed the termination of LTD Benefits by an undated letter with attachments which Chrysler LLC received on or about June 2, 2009. (A.R., Doc. No. 22-4, pp. 171-172) Plaintiff recounted his work history at Chrysler LLC and contended that he accrued 382 Credited Months of Service at Chrysler which should provide him LTD Benefits until the year 2030. (Id.) He did not contest his age or birth date. Chrysler denied Plaintiff's appeal by letter dated June 3, 2009. (A.R., Doc. No. 22-4, p. 169) The letter explained:

> Long Term Disability Benefits are provided to employees who are totally disabled because of disease or injury so as to be prevented from engaging in regular employment or occupation with the Company and who satisfy the terms of the Plan. Based on the information provided to us, as of 7/1/09, you will no longer meet the requirements set forth in the Plan. Our records indicate that your birth date is 6/27/44. An employee participating in the Plan is not eligible to receive Long Term Disability Benefits for any period of time following the end of the month in which the Participant attains age 65 (Plan document, page 6, Article IV, section 4.03(j)).
>
> Therefore we must deny your claim for benefits after 6/30/09 at this time. In accordance with the Plan terms, this decision is final and binding.

(Id.) The letter further informed Plaintiff of his rights under ERISA, including his right to bring a civil action. (Id.)

Plaintiff submitted additional documents to support his appeal by an undated letter with attachments which Chrysler Group received on or about June 12, 2009 ("Reconsideration Letter"). (A.R., Doc. No. 22-2, p. 115; Doc. No. 22-6, pp. 301-02) Plaintiff's Reconsideration Letter includes a handwritten notation that Plaintiff found more documents, including documents regarding his PTD Retirement. (A.R., Doc. No. 22-2, p. 115) Plaintiff included a document dated September 24, 1999 entitled "Coverage Notice" which describes various end dates of 03-23-2032 for Medical, Dental, Vision, and Group Life/AD&D. (Id., p. 117) That document does not, however, explain its context and does not address LTD Benefits or state anywhere that it was related to LTD Benefits. Again, Plaintiff did not contest his age or birth date.

By letter dated June 16, 2009, Chrysler Group responded to Plaintiff's Reconsideration Letter, explaining:

> [C]redited service months do not determine the duration of time for which you are eligible to receive Long Term Disability Benefits. The Plan provisions state that benefits are not paid beyond the end of the month in which you attain age 65, the date you no longer satisfy the disability requirements, or the date of your death, whichever occurs first. A copy of the Long Term Disability Benefits portion of the Summary Plan Description, which outlines the Plan's eligibility requirements and provisions, is enclosed.
>
> As previously advised in our letter of 6/3/09, our records indicate that your birth date is 6/27/44. As of 7/1/09, you will no longer meet the requirements set forth in the Plan, as you will attain age 65 on 6/27/09 (Plan document, Article IV, section 4.03(j)).
>
> Therefore, we must deny your claim for benefits after 6/30/09 at this time. In accordance with the Plan terms, this decision is final and binding.

(A.R., Doc. No. 22-2, p. 105; 22-5, p. 194) The letter again informed Plaintiff of his rights under ERISA, including his right to bring a civil action. (Id.) On May 18, 2012, Plaintiff filed the instant lawsuit.

The record shows that Chrysler conducted a full and fair review of the information before it, including the supplemental documentation Plaintiff provided with his Reconsideration Letter,

and clearly explained to Plaintiff that his LTD benefits were terminated because under the terms

of the LTD Plan, eligibility for LTD benefits terminates at the end of the month in which a

participant reaches age 65.  Cf. Cox v. Mid–America Dairymen, Inc., 965 F.2d 569, 573–74 (8th

Cir.1992) (ERISA trustee failed to provide adequate explanation by simply stating beneficiary

had not provided sufficient evidence).

    **IV.**     <u>Conclusion</u>

Because Plaintiff was not denied a full and fair review of his claim and the termination of

LTD benefits was not arbitrary and capricious, the Court will grant Defendants' motion for

summary judgment on Plaintiff's ERISA claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' unopposed Motion for Summary

Judgment [28] is **GRANTED**.

An appropriate Judgment will accompany this Memorandum and Order.

 

_____

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of September, 2013.